UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANTE DeLORETO,<br>    Plaintiff, | : | CIV. NO. 3:00CV435 (JCH) |
| | : | |
| vs. | : | |
| | : | |
| THOMAS MITNEY, ET AL.,<br>    Defendants. | : | JANUARY 15, 2004 |

### **MOTION FOR SANCTIONS AND/OR A PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 11(c) (1) (A) and 26(c), defendant Thomas Mitney hereby moves for the imposition of monetary sanctions against plaintiff Dante DeLoreto, individually, for the pro-se filing of a purported Rule 60 motion that was scheduled for argument on December 11, 2003. In addition, as a result of the plaintiff's recent harassment and abuse of process, the undersigned seeks a protective order enjoining the plaintiff from filing any additional documents, pleadings, motions and/or lawsuits with the Court.

Defendant Mitney respectfully requests this Court award, as a minimum, a sanction in the sum of five hundred dollars ($500.00), payable to the Town of Wethersfield, Connecticut (the "Town"). Said amount represents a portion of the additional and unnecessary expense for attorneys' fees to be incurred by the Town in responding to the plaintiff's frivolous motion, and for attending the December 11, 2003 hearing, which the plaintiff failed to attend.

A memorandum and exhibits are submitted herewith in accordance with Local Rule 9(a) (1).

347043

WHEREFORE, defendant Thomas Mitney requests this motion be granted.

           RESPECTFULLY SUBMITTED,
           DEFENDANT,
           THOMAS MITNEY

         By:_____
           JAMES N. TALLBERG, ESQ.
           Federal Bar No. ct17849
           Updike, Kelly & Spellacy, P.C.
           One State Street, Hartford, CT 06123
           Tel. No. (860) 548-2600

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid this 15th day of January, 2004 to the following pro se parties and counsel of record:

Jon L. Schoenhorn, Esq.
97 Oak Street
Hartford, CT 06106

Dante DeLoreto
33 Maxwell Drive
Wethersfield, CT 06109

Scott M. Karsten, Esq.
Sack, Spector and Karsten
836 Farmington Avenue
West Hartford, CT 06119

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

347043

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANTE DeLORETO, | : | CIV. NO. 3:00CV435 (JCH) |
|    Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| THOMAS MITNEY, ET AL., | : | JANUARY 15, 2004 |
|    Defendants. | | |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SANCTIONS AND/OR A PROTECTIVE ORDER**

    **I.**    **The Plaintiff Should Be Sanctioned**

Under date of October 27, 2003, plaintiff Dante DeLoreto submitted to the Court a document entitled "FRCP 60 (a) (b) Motion" ("Plaintiff's Motion").[1] This handwritten document, apparently prepared by Mr. DeLoreto himself, claimed various bases existed for relief from the judgment entered in favor of defendants following the trial of this case to a jury. The motion was filed more than six months after this case was tried to a defendants' verdict before a jury of the plaintiff's peers, at considerable cost to the defendants.

On June 26, 2002, Mr. DeLoreto was explicitly ordered by this Court to file no further pro se pleadings in this case. This order came about because, despite his representation by counsel in this

---

[1] The undersigned was not served with a copy of the document and only learned of its existence when the Court ordered the undersigned to attend a hearing on the Motion.

347043

and some of the multitude of other civil actions initiated by this plaintiff, Mr. DeLoreto persisted in filing "pleadings", or documents purporting to be such. The "FRCP 60 (a) (b) motion" at issue here constitutes a flagrant violation of the Court's order.

Plaintiff's Motion, furthermore, fails in innumerable respects to satisfy the good-faith requirements of Rule 11(b) regarding representations to the Court in papers submitted by a party. To the extent the plaintiff's intention can be divined, he appears to now claim that defendant Mitney was not at the scene of the incident, which is flatly contradicted by all of the evidence at trial. Remarkably, despite notice to Mr. DeLoreto that a hearing would be held on December 11, 2003, regarding his motion, Mr. DeLoreto failed to appear at the hearing. Defense counsel was required to prepare for and attend the hearing.

## II.    A Protective Order Should Enter

Mr. DeLoreto's recognized past pattern of filing abusive, vexatious and harassing legal papers of various sorts continues unabated. On December 1, 2003, undersigned counsel was obliged to attend a hearing before the Federal Bar Grievance Committee, to defend against grievances brought by Mr. DeLoreto arising from the conduct of the trial in this case. As to the undersigned, Mr. DeLoreto complained in his grievance that Officer Mitney was permitted to commit perjury at the trial of this matter, by his testimony that he was at the scene of the underlying incident - the same

347043

2

claim as is made in the instant Rule 60 Motion. Having haled the undersigned into this proceeding, as well as six (6) attorney members of the Committee, a court reporter and a clerk, Mr. DeLoreto failed even to appear to support his ludicrous accusations on the record.

In addition, plaintiff DeLoreto has continued to file frivolous lawsuits against members of the Wethersfield Police Department. A search of the Court's electronic filing system, PACER, reveals that, "This person [Dante DeLoreto] is a party in 28 cases." See Exhibit A (Listing of District Court cases commenced by Dante DeLoreto). Not a single one of these lawsuits has resulted in a judgment in favor of Mr. DeLoreto, who has consistently disobeyed this Court's orders regarding the service of pleadings upon opposing counsel, has failed to appear for hearings, and has clogged the Court's busy docket with patently frivolous, and often absurd, filings. These lawsuits have caused the Town of Wethersfield, and other defendants, to incur significant attorney's fees and costs.

Attached hereto as Exhibit B is a complaint entitled DeLoreto v. McGuigan, et. al., which has apparently been docketed as No. 3:03CV1538(JCH).[2] Plaintiff has also commenced an action against this Court. See DeLoreto v. USA, et al., 3:03mc-00343 (TPS) (purporting to name Judge "Hall" as a defendant). These appear to be the only remaining complaints filed by the plaintiff. They should be dismissed sua sponte, without the necessity of the Defendants incurring yet more legal fees and costs.

---

[2] Upon information and belief, the defendant identified as "McGuigan" is a state prosecutor who is entitled to absolute immunity from suit, thereby underscoring the frivolous nature of the plaintiff's most recent filings. Similarly, the defendant identified as "Hall" is presumed to have absolute immunity. These defendants, like the purported Wethersfield Police defendants, should be protected from Mr. DeLoreto's continued abuse of process.

347043

3

### A. The Court Should Restrain Plaintiff's Harassment

"Federal Courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In Re Anthony R. Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) (affirming, in part, injunction against pro se plaintiff's abusive litigation tactics). As the Court held in Martin-Trigona:

> [T]he United States Courts are not powerless to protect the public, including litigants . . . from the depredations of those . . . who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.

Martin-Trigona, 737 at 1262.

In addition, Rule 26(c) of the Federal Rules of Civil Procedure provides that a protective order may enter "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c). In entering a protective order, the Court may "make any order which justice requires." Id. In this case, justice requires that this Court enter an order to prevent the plaintiff's harassment of the agents and employees of the Town of Wethersfield.

Mr. DeLoreto has engaged in a pattern and practice of threatening behavior toward members of the Department and its counsel. Despite repeated requests that he communicate by mail only, the plaintiff's abusive, confrontational behavior has continued. In sum, the plaintiff has imposed a great burden and expense upon the defendants by his irrational and vexatious behavior.

347043

4

On June 22, 2000, in an action entitled <u>DeLoreto v. Karangekis</u>, 3:00CV210 (JCH), the undersigned filed a Motion for Protective Order seeking to enjoin Mr. DeLoreto from harassing the defendants, or from contacting them unless there was an emergency that required police or medical assistance.  <u>See</u> Mot. Prot. Order of 6/22/00.  That Motion resulted in a hearing that occurred on or about October 30, 2000, in the action given a docket number 3:00CV210, during which Mr. DeLoreto stipulated in this Court that all communications regarding his dispute(s) with the Wethersfield Police Department would be put in writing and sent by mail.  Yet Mr. DeLoreto continues to harass members of the Wethersfield Police Department by purporting to deliver, personally, legal documents to the Wethersfield Police Department in a bizarre and menacing manner.

On January 14, 2004, Mr. DeLoreto hand delivered to the Wethersfield Police Department a two page document entitled "Re: Names of Defendants."  A copy of this document, dated January 10, 2004 and signed by Mr. DeLoreto, is attached hereto as Exhibit C.  The document does not bear a docket number, contains no case caption, and references alleged arrests on March 25, 2002, April 10, 1999, September 28, 2002, and September 28, 2003.  It appears to have been copied to Wethersfield Town Manager Bonnie Therrien, United States District Court Judge Bonnie Therrien, and Wethersfield Police Chief James Cetran.

Despite the fact that Mr. DeLoreto has repeatedly been warned by this Court that he is to send a copy of any document that he files to the Town of Wethersfield's counsel, and to do so by mail, not

347043

5

personal service, he has consistently failed to do so. Most recently, Mr. DeLoreto did not send the undersigned a copy of the Rule 60 Motion in the present case. Nor did he send the undersigned a copy of Exhibit C.

At a status conference on August 27, 2001, concerning the plaintiff's several actions pending before this Court, the plaintiff was reminded by the Court that he must mail a copy to the Defendant's counsel of every paper that he files with the Court. During that status conference, the plaintiff acknowledged that he had not been sending copies of papers he files with the Court to Defendant's counsel. The August 27, 2001 instruction from the Court was not the first admonishment to the plaintiff by the Court concerning this issue. Mr. DeLoreto's pattern and practice of ignoring the Court's Orders, ignoring the Rules of Practice, and abusing process, has continued unabated. In sum, the plaintiff's frivolous filings must be curtailed.

### III.   Conclusion

Plaintiff Dante DeLoreto has gone far beyond what might be considered a reasonable prosecution of his grievances - has engaged in litigation for sport. This Court is not powerless to protect the defendants from Mr. DeLoreto's abuse of process. More than three years have passed since the defendants first sought protection from this Court. It is respectfully submitted that a Court Order is required to restrain Mr. DeLoreto from further abuse of process.

WHEREFORE, defendant Mitney respectfully requests that his motion for sanctions and/or a protective order be granted.

                                            RESPECTFULLY SUBMITTED,
                                            DEFENDANT,
                                            THOMAS MITNEY

By:_____
    JAMES N. TALLBERG, ESQ.
    Federal Bar No. ct17849
    Updike, Kelly & Spellacy, P.C.
    One State Street, Hartford, CT 06123
    Tel. No. (860) 548-2600

347043

7

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid this 15th day of January 2004, to the following pro se parties and counsel of record:

Jon L. Schoenhorn, Esq.
97 Oak Street
Hartford, CT 06106

Dante DeLoreto
33 Maxwell Drive
Wethersfield, CT 06109

Scott M. Karsten, Esq.
Sack, Spector and Karsten
836 Farmington Avenue
West Hartford, CT 06119

By: _____
    JAMES N. TALLBERG, ESQ.
    Updike, Kelly & Spellacy, P.C.

347043