# MANDATE

CONN I P HCT
00-cv-435
Hall

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

FILED

SUMMARY ORDER

Aug 17   2 53 PM '04

U.S. DISTRICT COURT

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 1st day of July, two thousand and four.

PRESENT:
   HON. ROGER J. MINER,
   HON. CHESTER J. STRAUB,
       *Circuit Judges*,
   HON. SANDRA J. FEUERSTEIN,
       *District Judge.*[*]


FILED JUL 1 2004

DANTE DELORETO, LEWIS DELORETO, CAROLYN DELORETO and LAURIE MCDOUGALL,

   *Plaintiffs-Appellants*,

v.

**SUMMARY ORDER**
03-7709

JOHN KARENGEKIS, LEE EARDMAN, Town Manager Wethersfield, WAYNE SASSANO, Mayor, THOMAS MITNEY, HOWARD SHAW, KEVIN O'LEARY, Officer, I/O and WHIPPLE, Officer, I/O,

   *Defendants-Appellees*.

Appearing for Appellants:   Jon L. Schoenhorn, Jon L. Schoenhorn & Associates,
                            Hartford, CT, *for Plaintiff-Appellants Carolyn DeLoreto,*

---
[*]   The Honorable Sandra J. Feuerstein, United States District Judge for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: JUL 28 2004

*McDougall, et al., v. Mitney, et al.*, No. 03-7709
Page 2

                                      and Laurie McDougall.

                                      Norman Pattis, Williams & Pattis LLC, New Haven, CT, *for Plaintiff-Appellant Dante DeLoreto.*

Appearing for Appellees:          Barbara A. Frederick, Updike, Kelly & Spellacy, P.C. (James N. Tallberg, on the brief), Hartford, CT, *for Defendant-Appellee Thomas Mitney.*

                                      Scott M. Karsten, Sack, Spector & Karsten LLP, West Hartford, CT, *for Defendant-Appellee Howard Shaw.*

---

      Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

      AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

---

      Plaintiffs-Appellants Dante DeLoreto, Carolyn DeLoreto, and Laurie McDougall ("plaintiffs") appeal from an April 29, 2002 order of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*) denying their motion for summary judgment on their claims that Defendants-Appellees Thomas Mitney and Howard Shaw ("defendants") entered plaintiffs' home in violation of the Fourth Amendment of the United States Constitution and of Article 1, Section 7 of the Connecticut Constitution, and on their claim of common-law trespass. Plaintiffs appeal also from the District Court's judgment of June 6, 2003 denying their motion for judgment as a matter of law and for a new trial. Familiarity is assumed as to the facts of this case, its procedural context, and the issues that have been raised for appellate review.

      Plaintiffs argue that they were entitled to summary judgment on their Fourth Amendment,

*McDougall, et al., v. Mitney, et al.*, No. 03-7709
Page 3

Connecticut Constitution, and trespass claims. However, because plaintiffs lost at trial on their Fourth Amendment and trespass claims, we review the denial of plaintiffs' motion for judgment as a matter of law on these claims and not the denial of their summary judgment motion."** See *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 129-32 (2d Cir. 1999).

We review *de novo* a district court's denial of a motion for judgment as a matter of law ("JMOL"). *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). "In ruling on a motion for JMOL, the trial court is required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in [that party's] favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." *Tolbert v. Queens College*, 242 F.3d 58, 70 (2d Cir. 2001) (internal quotation marks omitted).

The parties do not dispute that on Sunday, August 24, 1997, sometime between 6:30 a.m. and 7:30 a.m., police officers Mitney and Shaw entered, without a search or arrest warrant, the house where Dante DeLoreto and his parents Carolyn and Lewis DeLoreto lived. Plaintiffs argue that the entry into their house violated the Fourth Amendment. Defendants counter that their entry was lawful because it fell within the "emergency" exception to the warrant requirement.

"Warrantless searches inside a home are presumptively unreasonable. However, '[p]olice officers may enter a dwelling without a warrant to render emergency aid and assistance to a person whom they reasonably believe to be in distress and in need of that assistance.'" *Tierney v.*

---

** Plaintiffs withdrew their Connecticut Constitution claims before the case was submitted to the jury.

*McDougall, et al., v. Mitney, et al.*, No. 03-7709
Page 4

*Davidson*, 133 F.3d 189, 196 (2d Cir. 1998) (citation omitted; alteration in original). "Courts must apply an objective standard to determine the reasonableness of the officer's belief." *Id.* "However, '[t]his probable cause requirement[ ] must be applied by reference to the circumstances then confronting the officer, including the need for a prompt assessment of sometimes ambiguous information concerning potentially serious consequences.'" *Id.* at 196-97 (quoting 3 WAYNE LAFAVE, SEARCH AND SEIZURE § 6.6(a), at 391 (3d ed. 1996) (alterations in original); *see also Kerman v. City of New York*, 261 F.3d 229, 236 (2d Cir. 2001) ("Probable cause for a forced entry in response to exigent circumstances requires finding a probability that a person is in 'danger.'"); *United States v. MacDonald*, 916 F.2d 766 (2d Cir. 1990) (en banc) ("The essential question in determining whether exigent circumstances justified a warrantless entry is whether law enforcement agents were confronted by an 'urgent need' to render aid or take action.").

From the evidence at trial, a jury could have reasonably concluded that Mitney and Shaw reasonably believed that an emergency situation existed. Mitney testified that (1) he knew from daily briefings at the police station that Dante DeLoreto ("Dante") had "mental problems" and had been the subject of an emergency psychiatric evaluation request completed by the police; (2) the incident giving rise to the emergency evaluation involved weapons, and Dante's parents were the victims and possibly hostages; (3) Dante was extremely agitated at the door and said he would like to kill the Wethersfield police; and (4) Dante's elderly parents were standing close to the door and were unable to calm Dante down. Mitney testified that Dante ran into the house and that Carolyn DeLoreto tried to close the door. According to Mitney, he entered the house "[t]o keep an eye on Dante" and also because "that was the only place I could be to protect the parents,

*McDougall, et al., v. Mitney, et al.*, No. 03-7709
Page 5

to protect them, to get them out of the house if need be." Mitney said he was "was concerned that [Dante] was going to get a weapon and either attack us with it in front of the house where there was no cover at that point or use it on his parents." Shaw's testimony was less detailed. Although Shaw did not recall seeing Dante's parents until Shaw had entered the house, he did testify that Dante had become "agitated" and said several times that he was "going to kick our f*** asses." Shaw said he knew from Mitney about Dante's history of mental problems. Shaw said that Dante was not acting rationally at the door, and that Shaw stopped the door from closing and entered the house because he "wanted to make sure there wasn't going to be a problem, for my safety as well as everybody there."

We conclude based on our review of the testimony at trial that the jury could reasonably have concluded that the officers reasonably thought that Dante posed a threat to the safety of his parents and the officers' own safety, and that entering the house was necessary to ensure the safety of everyone present. In particular, the jury could have credited Mitney's more detailed account of the incident and found that defendants had met their burden of establishing that their actions were justified under the emergency exception to the warrant requirement. Therefore, we hold that the District Court properly denied plaintiffs' motion for judgment as a matter of law on their Fourth Amendment claim. In addition, we affirm the District Court's denial of plaintiffs' motion for judgment as a matter of law on the common-law trespass claim for substantially the reasons stated by the District Court.

We review a district court's decision to grant or deny a motion for a new trial for abuse of discretion. *Bracey*, 368 F.3d at 113. "A motion for a new trial ordinarily should not [be granted] unless [the trial court] is convinced that the jury has reached a seriously erroneous result or that

*McDougall, et al., v. Mitney, et al.*, No. 03-7709
Page 6

the verdict is a miscarriage of justice." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997) (internal quotation marks omitted; alterations in original). Although "a motion for a new trial may be granted even if there is substantial evidence to support the jury's verdict," *Caruolo v. John Crane, Inc.*, 226 F.3d 46, 54 (2d Cir. 2000) (internal quotation marks omitted), we conclude that the District Court acted within its discretion in denying plaintiffs' motion for a new trial.

Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

ROSEANN B. MACKECHNIE, CLERK

BY: *Lucille Carr*    DATE: 7/1/04

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *Angela Martin*
DEPUTY CLERK