DeLoreto V Mitney Whapples     300CV 435 (JCH)

Motion; Serve Whapples

1. DeLoreto never swore or affirmed anything about Mitney

2. DeLoreto's original lawsuit and IFP clearly states Whapples

3. DeLoreto's Contract With Schoenhorn [Exhibit] States Whapples

4. Plaintiff would like permission from Cart to Serve Whapples

On the 10th Day of October 2004

FILED 2004 OCT 12 P 1:28 U.S. DISTRICT COURT BRIDGEPORT CONN.

## Certification

This is to certify that a copy of the enclosed motion was mailed to the following parties of record

USDC
915 Lafayette
Bridgeport Ct

Jon Schoenhorn
97 Oak St
Hartford Ct

Jim Tallberg
One State St
Hartford Ct

On the 10th Day of October 2004

<u>Jon L. Schoenhorn & Associates</u>                                            <u>Attorneys At Law</u>
97 Oak Street ■ Hartford, CT ■ 06106-1515                          Telephone: (860) 278-3500

CIVIL RIGHTS FEE AGREEMENT--MODIFIED CONTINGENCY

The clients, <u>Dante DeLoreto, Lewis DeLoreto & Carolyn DeLoreto</u>, of <u>Wethersfield, Connecticut</u>, retain <u>Attorney Jon L. Schoenhorn & Associates</u> (hereinafter "Attorneys") and any attorneys they may associate with to provide legal services in pursuit of a claim arising out of <u>civil rights & constitutional violations arising out of an incident that occurred on or about August 28, 1997 at 33 Maxwell Drive, in the Town of Wethersfield, involving Wethersfield Police penidng in Docket No. 3:00cv435(SRU)(DeLoreto v. Whipple)</u>, and agrees to provide such services faithfully and with due diligence.

The Client will pay a nonrefundable retainer of <u>$5000.00</u> prior to the initiation of any representation by the attorneys. Any further legal compensation is to be paid only upon the contingency that the client receives an amount in recovery or settlement from any or all the defendants.

The minimum fee shall be <u>40 %</u> of the amount of any recovery or settlement or the nonrefundable retainer mentioned above, whichever is greater. The percentage is to apply to the full amount of the recovery or settlement before deducting disbursements. The clients shall in any event be liable to the attorneys for all reasonable expenses and disbursements, whatever the outcome. In this regard, clients agree to pay <u>$1000.00</u> in advance for anticipated costs and expenses prior to commencement of litigation. These funds will be maintained in the attorneys' client escrow account.

<u>Attorney Jon Schoenhorn</u> has represented to the clients, and the clients understand, that due to the great uncertainties of civil rights litigation the prospects of recovering the minimum fee would not be sufficient to induce him to handle this matter without the additional possibility of recovering a reasonable fee for the time he expends under 42 U.S.C. §1988. The clients agree that if this matter proceeds to trial and a judgment is obtained in favor of any of the clients, the attorneys will petition the court for a separate award of attorneys' fees at standard hourly rates. In the event the matter is settled by agreement with the defendant, the attorney shall endeavor to negotiate separately an amount for attorneys' fees.

In the event that fees are awarded by the court, or agreed as part of a settlement, to be paid by any defendant, all of such fees shall be paid directly to the attorney and shall belong to him. All sums so received shall be credited against the minimum fee and the attorney shall receive from the clients only such additional sums as may exceed the minimum fee. The amount of court awarded or agreed upon fees to be paid by the defendants shall only be included as part of the recovery or settlement for purposes of calculating the contingency fee, if 40 % of the total exceeds the total amount of fees awarded. In the event the fees paid by the defendants exceed the minimum fee, the entire amount so awarded shall belong to the attorneys. Separate fee rates shall be charged for all time spent on the matter by Attorney Schoenhorn, attorney associates, law clerks and paralegals.

The attorney and the clients recognize the possibility that a defendant may offer to settle the claim by paying compensation to the client while insisting on a waiver of any separate claim for attorney's fees. If, in order to negotiate a settlement of the case with a defendant, the client wishes to reduce or eliminate the attorney's fees to be paid by the defendant, the client may do so. However, in that event the clients will then be responsible for paying the greater of either the minimum fee or the attorneys' fees which might have been awarded under 42 U.S.C. §1988, computed by multiplying the reasonable amount of hours spent by each attorney, paralegal and law student who worked on the case by the market rate for that person's services at the time of the settlement, with no reductions or enhancements.

I HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT AND HAVE RECEIVED A