UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANTE DeLORETO : | |
|    Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-00-cv-435 (JCH) |
| : | |
| THOMAS MITNEY, ET AL : | NOVEMBER 1, 2004 |

**RULING RE: PENDING MOTION TO REOPEN [DKT. NO. 157]
and MOTION TO SERVE WHAPPLES [DKT. NO. 156]**

This action was initially filed by the plaintiff, Dante DeLoreto, on February 7, 2000 when he moved to proceed *In Forma Pauperis*. In his original Complaint [Dkt. No. 2], he did not name either Officers Whipple, or Mitney. Still appearing *pro se*, Mr. DeLoreto filed an Amended Complaint [Dkt. No. 3], in which he added Officer Whipple as a defendant. On June 29, 2000, Attorney John L. Schoenhorn, filed an appearance for the plaintiff. On the same day, he filed a Second Amended Complaint [Dkt. No. 24]. In that Second Amended Complaint, the defendants named are: Thomas Mitney, Kevin O'Leary and Howard Shaw. Officer Whipple no longer appears in the caption, or in any of the allegations set forth in the Second Amended Complaint.

After trial, Attorney Schoenhorn moved to withdraw as counsel [Dkt. No. 126], asserting that his attorney/client relationship had broken down irretrievably, and that Dante DeLoreto had filed a grievance against counsel. Judgement had entered in the case, and has since been on appeal before the Second Circuit. By Mandate dated July 28, 2004 [Dkt. No. 155], the Second Circuit affirmed the judgment of the district court for the defendants.

It is clear from numerous pleadings filed by Mr. DeLoreto in the last several years in this case, that it is his view that Mitney should not have been a defendant, and that an Officer Whipple/Whapple was the proper defendant. Mr. DeLoreto complains that Whipple/Whapple was dropped from the lawsuit, suggesting somehow that it was improperly done, and that the case should be reopened and that he should be permitted to serve Officer Whipple/Whapple.

Officer Whipple/Whapple was an original defendant, but was long ago dropped by counsel representing Mr. DeLoreto in the Second Amended Complaint filed on June 26, 2000. Putting aside timeliness issues, this court cannot reopen a case because the *pro se* plaintiff views a decision by his then-counsel to drop one defendant and to add another one as in error. Mr. DeLoreto's Motion to Serve Whapple [Dkt. No. 156, and Motion to Reopen [Dkt. No. 157] case are hereby DENIED.

**SO ORDERED.**

Dated this 1st day of November, 2004 in Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge